UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIAM DEMARCUS GREENE,            )
                                    )
                                    )
            Plaintiff,              )
                                    )
                                    )
VS.                                 )            No. 15-2209-JDT-tmp
                                    )
                                    )
JAMES GAYLOR, ET AL.                )
                                    )
                                    )
            Defendants.             )
                                    )

---

ORDER ADDRESSING PENDING MOTIONS, PARTIALLY DISMISSING
COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

---

On March 25, 2015, Plaintiff William Demarcus Greene ("Greene") who is currently incarcerated the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On March 26, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On April 28, 2015, Greene filed an amended complaint, intended to supplement, not supercede, the original complaint. (ECF No. 7.) The Clerk shall record the Defendants as Memphis Police Department Detective ("Det.") James Gaylor, Det.

First Name Unknown ("FNU") Fernandez, and Det. FNU Ackerman.[1]  Defendants are sued in both their individual and official capacities.

## I.  PENDING MOTIONS

Greene has filed three separate motions to appoint counsel.  (ECF Nos. 6, 8, & 10.)  Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel."  However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases."  *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Generally, a court will only appoint counsel in exceptional circumstances.  *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).  Although "no comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims.  *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

---

[1] Greene's amended complaint substitutes Defendants Fernandez and Ackerman for the "John Doe" defendants.  Therefore, the Clerk is DIRECTED to remove Ofc. John Doe #1 and Ofc John Doe #2 as parties.

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Because Greene has not met the threshold showing likelihood of success, the motions for appointment of counsel are DENIED.

On July 13, 2015, Greene filed a motion for default judgment. (ECF No. 14.) That motion is also DENIED. The Defendants are not in default because they have not been served with process. Pursuant to 28 U.S.C. § 1915A and Local Rule 4.1(b)(3), all civil cases brought by prisoners acting *pro se* are screened, and no process will be served in the case unless the Court orders such service.

## II. THE COMPLAINT AND AMENDED COMPLAINT

Greene's complaint alleges Defendants used excessive force upon effectuating his arrest. On July 30, 2014, Greene was engaged in a high speed chase with members of the Memphis Police Department and Multi-Agency Gang Unit. (ECF No. 1 at 2.) At the end of the chase, Greene's steering wheel locked causing his car to go into an open field located at the northwest corner of Heard Street and Hollywood. (*Id.* at 3.) Greene jumped out of the car and began running toward a gate when a black Tahoe, driven by Defendant Gaylor, "jump the curve and ran me over with this truck." (*Id.*) Greene got up and ran again, but fell down, and, on his second attempt to run, his body locked up on him. (*Id.*) Greene stayed on the ground. (*Id.*)

Greene alleges that even though he was already on the ground when Defendant Gaylor got to him, Defendant Gaylor began to "kick, stomp, and hit [Greene] with a slap stick in the back of his head while being yelled at to stop resisting." (*Id.* at 4.) In his

amended complaint, Greene clarifies that Defendant Fernandez is the officer who hit him with the slap stick and Defendant Ackerman stomped and kicked him while he was lying face down on the ground. (ECF No. 7 at 1.) After Greene was handcuffed, he was asked to give a statement. (ECF No. 1 at 4.) When he would not give one, he was thrown from the back of the truck to the ground. (*Id.*) As a result of the beating, Greene momentarily lost consciousness and has suffered injuries to his neck and back of the head for which he was transferred to medical. (*Id.*) Greene seeks monetary damages. (*Id*. at 8.)

### III. ANALYSIS

A.    Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

(quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and

prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.    § 1983 Claim

Greene filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Greene's claims against the Defendants in their official capacities are properly brought against their employer, the Memphis Police Department, which is not a suable entity separate and apart from the City of Memphis. Therefore, the official capacity claims are construed as claims against the City of Memphis. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of Greene's claims against the City of Memphis.

A local government "cannot be held liable *solely* because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25

F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*,

*Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify an official policy or custom which caused injury to Greene. Instead, it appears that Greene is suing the City of Memphis because the City of Memphis employed persons who allegedly violated his rights.

Greene's claim for use of excessive force is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Not every use of force will state a § 1983 claim. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citation omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citation omitted); *see also id.* at 396-97 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."). The "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting

them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). The proper application of this standard

> requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* at 396 (citation omitted); *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). "These factors are not an exhaustive list, as the ultimate inquiry is whether the totality of the circumstances justifies a particular sort of seizure." *Baker*, 471 at 606-07 (internal quotation marks omitted). For purposes of this screening, Greene has sufficiently alleged a Fourth Amendment claim of excessive force against Defendants Gaylor, Fernandez and Ackerman in their individual capacities.

## IV. CONCLUSION

The Court DISMISSES Greene's complaint against the Defendants in their official capacities for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendants Gaylor, Fernandez and Ackerman in their individual capacities on Greene's Fourth Amendment claim of excessive force.

It is ORDERED that the Clerk shall issue process for Defendants Gaylor, Fernandez and Ackerman and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Gaylor, Fernandez and Ackerman pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and

(10), either by mail or personally if mail service is not effective.  All costs of service shall by advanced by the United States.

It is further ORDERED that Greene shall serve a copy of every subsequent document he files in this cause on the attorneys for the Defendants or on any unrepresented Defendant.  Greene shall make a certificate of service on every document filed.  Greene shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[2]

Greene shall promptly notify the Clerk of any change of address or extended absence.  Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**                            
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Local Rules may be obtained from the Clerk.  The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.