IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DEMARCUS GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2209-JDT-tmp |
| | ) | |
| JAMES GAYLOR, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PENDING MOTIONS AND
DIRECTING CLERK TO MODIFY THE DOCKET

The *pro se* prisoner Plaintiff, William Demarcus Greene, who is incarcerated at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on March 25, 2015 (ECF No. 1) and an amended complaint on April 28, 2015 (ECF No. 7). On March 24, 2016, the Court issued an order that, *inter alia*, denied Plaintiff's motions to appoint counsel, partially dismissed the complaint and directed that process be issued and served on the four Defendants, Memphis Police Detectives James Gaylor, Claudio Fernandez and Taylor Ackerman. (ECF No. 20.) The Defendants were duly served and have filed answers to the complaint. (ECF Nos. 28 & 29.)[1]

On October 28, 2015, Plaintiff filed a motion asking the Court to order officials at the SCCC to allow him to have additional time in the law library. (ECF No. 16.) He states that he is limited to one hour per week but that he needs at least four to five hours per week to prepare both this case

---

[1] The Defendants' answers show the first names of Defendants Claudio Fernandez and Taylor Ackerman. The Clerk is directed to MODIFY the docket to reflect the full names of those Defendants.

and his criminal case. That motion is DENIED. This case involves a claim of excessive force by the Defendant law enforcement officers, not lack of access to the law library, and neither the SCCC nor any employee thereof is a party to this action. Pursuant to Federal Rule of Civil Procedure 18(a), joinder of such a claim in this case would not be appropriate. If Plaintiff wishes to complain about events occurring at the SCCC, he must file a new lawsuit.

Plaintiff has also filed a motion to reconsider the denial of appointed counsel. (ECF No. 23.) He contends that he has shown exceptional circumstances because he does not have the knowledge to proceed further. He further argues that because this case has survived screening, he has made "a threshhold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

The mere fact that this case has survived initial screening does not require the Court to appoint counsel. Appointment of counsel is not appropriate when a *pro se* litigant's chances of success are extremely slim. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). At this stage of the proceeding, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in Plaintiff's motion to reconsider serves to distinguish this case from the many other cases filed by *pro se* prisoners who have little legal knowledge and who have limited access to legal materials. Therefore, the motion to reconsider the denial of Plaintiff's request for appointed counsel is DENIED.

On May 24, 2016, Plaintiff filed a motion for default judgment, contending that the Defendants were in default because more than thirty days had passed since service of the summonses and complaint on March 25, 2016. (ECF No. 34.) However, the Defendants are not in default

because their answers were filed on May 16 and May 17, 2016. Therefore, the motion for default judgment is DENIED.[2]

Defendant Fernandez filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a)(3) on August 30, 2016. (ECF No. 40.) Defendant states that his First Request for Production of Documents and Tangible Things was served on Plaintiff on June 21, 2016. Therefore, Plaintiff's responses were due on or before Monday, July 25, 2016. However, Plaintiff did not serve any answers to the discovery request. Counsel's attempt to consult with Plaintiff concerning the overdue responses was unsuccessful. (ECF No. 40-2.)

Plaintiff has failed to respond to the Defendant's motion to compel. Therefore, the motion is GRANTED. Plaintiff is hereby ORDERED to serve his responses to Defendant Fernandez's First Request for Production of Documents and Tangible Things, without objection, within fourteen days after the date of this order.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, the Defendants were not *served* on March 25, 2016. That is merely the date the summonses were *issued* by the Clerk and given to the U.S. Marshal for service. The summonses were returned executed by the Marshal on May 19, 2016, showing that Defendant Gaylor was served on April 26, 2016 (ECF No 31), Defendant Fernandez was served on April 27, 2016 (ECF No. 33), and Defendant Ackerman was served on May 16, 2016 (ECF No. 32). Thus, the answers filed on May 16 and May 17, 2016 were timely.