# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DEMARCUS GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:15-cv-02209-TLP-tmp |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| JAMES GAYLOR, CLAUDIO FERNANDEZ AND TAYLOR ACKERMAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

Here Defendants move for Summary Judgment. (ECF Nos. 44, 46.) Plaintiff has not responded to either Motion. For the reasons below, this Court grants the Motions for Summary Judgment.

## UNDISPUTED FACTS

Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against Memphis Police Department ("MPD") officers Gaylor, Fernandez and Ackerman, alleging they used excessive force when they arrested him following a high-speed vehicular and foot pursuit. (ECF No. 44-2 at PageID 176.)

On July 30, 2014, Memphis police officers were conducting gang surveillance by the Ridgecrest apartment complex where they observed Plaintiff and Eric Payton, two known gang members, "get inside a gray Kia Optima and pull off" on Hollywood Street. (*Id*. at PageID 177.) At that point two other officers noticed the "vehicle had expired drive out tags." (*Id*.) Those officers then relayed that information to the Defendants, who drove up behind Plaintiff in

unmarked police vehicles. (*Id*.) Plaintiff realized at some point that Payton had a gun which motivated him to "hit the gas" and continue to evade the police. (*Id*.) Officers chased Plaintiff for several miles and Plaintiff disregarded several traffic lights at key intersections. Plaintiff's steering wheel then locked, "causing his car to go into an open field located at the northwest corner of Heard Street and Hollywood." (*Id*. at PageID 178.)

Plaintiff then jumped out of his car, where he ran toward a wooded area until Officer Gaylor successfully blocked him with his vehicle. (*Id*.) Officer Gaylor then got out of his vehicle and ran after Plaintiff, eventually subduing and arresting him with the help of Officer Fernandez and other MPD officers. (*Id*.; ECF No. 46-2 at PageID 231.) Officer Ackerman was not present when the other officer placed Plaintiff under arrest. Instead, Ackerman was chasing Payton. (ECF No. 44 at PageID 179; ECF No. 44-6 at PageID 191.) Plaintiff alleges in the Amended Complaint that Officers Gaylor and Fernandez grabbed him by the arms, forced them behind his back, kicked him, and that one of them ran him over with a truck. (ECF No. 44-1 at PageID 172–74; ECF No. 46-2 at PageID 231.) He also claims injuries to his neck and back of the head but refused medical treatment at the scene of the incident. (ECF No. 44-2 at PageID 179.)

In support of their Motions for Summary Judgment, Officer Ackerman filed an affidavit claiming he was not present at the scene of Greene's arrest. (ECF No. 44-1 at PageID 172–73; ECF No. 44-6 at PageID 191.) Officer Gaylor also filed an affidavit denying ever kicking Plaintiff or using any other means of excessive force. (ECF No. 44-1 at PageID 172–73; ECF No. 44-5 at PageID 187.) In addition, Officer Fernandez filed an affidavit testifying that "I was not carrying a baton, slap stick or similar weapon on July 30, 2014." (ECF 46-4 at PageID 271–72.) Plaintiff's deadlines to file responses to the Motions for Summary Judgment ran on

December 7 and December 9, 2016, respectively. (ECF No. 53 at PageID 288.) To date, Plaintiff has not responded. Early last year, the Court entered a show cause order giving Plaintiff 14 days to file something explaining why these Motions should not be granted. (*Id.*) Plaintiff still has not responded.

## STANDARD OF REVIEW

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "establish[es] or refute[s] an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp v. Catrett,* 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Id.* at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are

3

entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323).

## ANALYSIS

Plaintiff claims that the officers used excessive force during his arrest. Courts examine claims based on allegations of excessive force during an arrest, investigatory stop, or other type of seizure under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Reasonableness of force is an objective evaluation and "depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight." *Dunn v. Matatall*, 549 F. 3d 348, 353 (6th Cir. 2008). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97. Indeed, not every push or shove will state a § 1983 claim. *Id*. Courts should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).

Here, the undisputed facts show that all three officers acted reasonably under the circumstances and there is no evidence to the contrary. The undisputed facts are that Plaintiff

4

refused to pull his car over in compliance with a lawful display of authority and instead took officers on a high-speed chase during which he wrecked the vehicle and ran from the officers until he fell on the ground. Officer Gaylor grabbed Plaintiff by the arms "and force[d] them behind his back." (ECF No. 44-1 at PageID 172; ECF No. 46–2 at PageID 231.) Under the circumstances, such a maneuver is not unreasonable. And Plaintiff has submitted no evidence to bolster his claim that Officers Gaylor or Fernandez "kicked him" or "ran him over with a truck." (*Id*. at PageID 172–73.) Likewise, Plaintiff claims in his Complaint that Officer Ackerman "stomped and kicked him." But Officer Ackerman has now testified by affidavit that he was not even present when officers arrested Plaintiff. And Officers Gaylor and Fernandez also testified by affidavit denying Plaintiff's factual allegations about them in his Complaint. (ECF 44-5 at PageID 186–87; ECF 46-4 at PageID 271–72.) The burden then shifts to Plaintiff to put forth evidence to create an issue of fact.

Plaintiff has produced no evidence in response to the properly supported motions by Officers Ackerman, Gaylor and Fernandez to present this Court with an issue of material fact. (ECF Nos. 44 and 46.)

Despite his burden to show there are material issues of fact here, Plaintiff has not responded to either of these Motions for Summary Judgment or this Court's Order to Show Cause.[1] The Court, therefore, concludes that there is no issue of material fact and Defendants are entitled to a judgment as a matter of law. Thus, the Court grants Defendants' Motions for Summary Judgment. (ECF Nos. 44 and 46.)

---

[1] And he has failed to provide the Court with his current address.

## **CONCLUSION**

For the above reasons, the Court GRANTS Defendants' Motions for Summary Judgment.

**SO ORDERED**, this 15th day of January, 2019.

                                        s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE